IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JESSE CARL TOOMER, # 100458                                                                PETITIONER

V.                                                        CIVIL ACTION NO. 1:20-CV-381-TBM-JCG

JACKSON COUNTY ADULT DETENTION
CENTER/JAIL and STATE OF
MISSISSIPPI                                                                                RESPONDENTS

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* for consideration of dismissal. *Pro se* Petitioner Jesse Carl Toomer filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] He is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he challenges the revocation of his bail on an unrelated, pending charge. He asks the Court to reinstate his bail on his pending charge. The Court has considered and liberally construed the pleadings. The case is dismissed.

### I. DISCUSSION

Toomer filed this action, per the prison mailbox rule, on December 18, 2020. At the time, he was a pretrial detainee at the Jackson County Adult Detention Center, awaiting trial on a charge of aggravated assault. He has since been moved to MDOC, where he is serving a sentence for possession of a controlled substance. He claims the aggravated assault charge is still pending.

Toomer alleges that he was originally out on bail for the aggravated assault charge. One purported condition of his bail was that he not be arrested on another charge. When he was subsequently arrested for credit card fraud, the State trial court allegedly revoked his bail, and he

---

[1] Although presented on a form 28 USC § 2254 Petition, Petitioner challenges the legality of his State pretrial detention.

was sent back to the Jackson County Adult Detention Center. He argues his bail should not have been revoked for any subsequent arrest and, in the alternative, the fraud arrest is a non-revocable event. For relief, he asks this Court to reinstate his bail.

According to the Fifth Circuit Court of Appeals:

> [A]lthough section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). This means he may bring a pre-trial federal habeas claim only if he has exhausted his State court remedies. *Id*. at 228. This gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). In order to exhaust his claim for habeas relief, he is required to seek relief from the highest court of the State. *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). *See D.D. v. White*, 650 F.2d 749, 750 (5th Cir. 1981).

Toomer admits that he has not appealed the bail revocation in the state court system. Therefore, his claim is unexhausted.

## II. CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this cause should be, and is hereby, **DISMISSED WITHOUT PREJUDICE**. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 18th day of February, 2021.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE